UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**PAUL CURTIS FIKE,**

   **Plaintiff,**

v.                 CIVIL ACTION 2:15-cv-00018

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

   **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

  Pending before this Court is Plaintiff's Brief in Support of Motion for Judgment on the Pleadings (ECF No. 10), Brief in Support of Defendant's Decision (ECF No. 11) and Plaintiff's Reply to Brief in Support of Defendant's Decision (ECF No. 12).

### Background

  Paul Curtis Fike, Claimant, protectively applied for Supplemental Security income (SSI) under Title XIX of the Social Security Act (Tr. at 435 and 436-442) and disability insurance benefits (DIB) under Title II and Part A of Title XVIII of the Social Security Act (Tr. at 435 and 443-449) on January 20, 2012, alleging disability beginning on December 6, 2011.  The claims were denied initially on March 12, 2012 (Tr. at 364-368 and 369-373), and upon reconsideration on April 6, 2012 (Tr. at 381-383 and 384-386).  Claimant filed a written request for hearing on April 24, 2012 (Tr. at 391-392).  In his request for a hearing by Administrative Law Judge (ALJ), Claimant stated that he disagreed with the determination made on his claim for SSI disability /Title II benefits because the decision was contrary to the medical evidence and D regulations (Tr. at 391).  Claimant appeared in person and testified at a hearing held in Charlestown, West Virginia

on May 24, 2013 (Tr. at 297-333). In the Decision dated June 24, 2013, the ALJ determined that based on the application for a period of disability and disability insurance benefits, the Claimant was not disabled under sections 216(i) and 223(d) of the Social Security Act. The ALJ also determined that based on the application for supplemental security income, the Claimant was not disabled under section 1614(a)(3)(A) of the Social Security Act (Tr. at 283-296). On August 19, 2013, Claimant filed a Request for Review of Hearing Decision of the ALJ because the ALJ's decision was contrary to the medical evidence and regulations (Tr. at 210). On November 2, 2014, the Appeals Council denied Claimant's request for review of the ALJ's decision. The Appeals Council stated that "we found no reason under our rules to review the Administrative Law Judge's decision" (Tr. at 1-4).

On January 2, 2015, Claimant bought the present action requesting this Court to review the decision of the defendant and that upon review, it reverse, remand or modify that decision.

## Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2015). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.*

§ 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2015). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since December 6, 2011, and meets the insured status requirements through June 30, 2016 (Tr. at 285). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of degenerative disc disease of the lumbar spine with radiculopathy, coronary artery disease, obstructive sleep apnea and obesity. At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 287). The ALJ then found that Claimant has a residual functional capacity to perform light

work.[1]  As a result, the ALJ determined that Claimant is capable of performing his past relevant work as a help desk technician and internet technician as this work does not require the performance of work-related activities precluded by Claimant's RFC (Tr. at 290).  On this basis, benefits were denied (Tr. at 291).

## Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence.  *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."  *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

---

[1] The ALJ ordered that Claimant had the residual functional capacity to perform light work except he can occasionally perform postural activities, but should never climb ladders, ropes or scaffolds.  He should avoid concentrated exposure to extreme cold, vibrations, pulmonary irritants and hazards such as dangerous machinery and unprotected heights (Tr. at 287).

4

## The Medical Record

The Court adopts the medical record findings asserted by Claimant and Defendant as follows (ECF Nos. 10-12):

> The Appeals Council accepted the submission of new and material evidence from the Huntington VAMC dated between February 2, 2012 and July 5, 2013. This evidence was added to the record as Exhibit 9F and included emergency department treatment notes and radiology reports for Plaintiff's tibia and fibula as well as preoperative and consultative reports in anticipation of Plaintiff's bariatric surgery, which was scheduled for July 2013 (Tr. 1134-1545). Among these records was an X-ray of the right tibia and fibula, which revealed a posterior calcaneal spur and minimal spurring of the distal tibia anteriorly (Tr. 1141). Additionally, spurring in the lateral and medial malleoli and lateral talus was observed (*Id.*).
>
> On July 29, 2010, the Department of Veterans Affairs found Plaintiff 20% disabled due to mild degenerative joint disease and degenerative disc disease of the lumbar spine and 30% disabled overall (Tr. 289, 459-66).
>
> In December 2011, Plaintiff complained of chronic low back pain to the staff at the VA Medical Center – Huntington (VAMC Huntington) (Tr. 288, 562). The staff considered him not to be a good candidate for physical therapy because of prior failed attempts (Tr. 289, 564). That same month, on December 23, 2011, an x-ray of Plaintiff's lumbar spine showed levocurvature and minimal anterior osteophyte formation at T12-L1, but no acute bony injury (Tr. 286, 288, 542). A CT scan revealed hypertrophic and degenerative changes with no focal disc herniation (Tr. 288, 545). Two months later, on February 29, 2012, an MRI of Plaintiff's lumbar spine showed mild degenerative changes and a disc protrusion lateral to the outer opening to the left neural foramen (Tr. 287, 541). There was also some minor neural foraminal stenosis, particularly at L3-4, but no focal disc herniation or significant acquired spinal canal stenosis (Tr. 287, 541).
>
> On March 12, 2012, Atiya M. Lateef, M.D., a state agency physician, reviewed Plaintiff's records and found him able to perform a modified range of light work (Tr. 290, 338-40). A few weeks later, on April 5, 2012, Dominic Graziano, M.D., another state agency physician, also found Plaintiff able to perform a modified range of light work (Tr. 290, 348-50). Several weeks later, on August 15, 2012, Plaintiff complained of low back pain to the VAMC Huntington staff; he had no deformity in his arms

5

or legs (Tr. 288, 932).

On September 21, 2012, an Exercise Cardiolite Stress Test was abnormal and showed that Plaintiff had markedly decreased functional capacity for his age (Tr. 288, 923). Nuclear SPECT revealed a moderate inferior wall reversible defect consistent with ischemia, but there were no ST changes consistent with ischemia (Tr. 288, 923).

From September 29 to October 2, 2012, Plaintiff received inpatient treatment at Charleston Area Medical Center (CAMC) for chest discomfort (Tr. 286, 1083-90). He complained of one month of chest palpitations and pain (Tr. 286, 1083). He noted that his primary care physician at the VA had examined him for these complaints and put him on a Holter monitor (Tr. 286, 1083). He had also undergone a stress test (Tr. 286, 1083). At CAMC, a chest x-ray and EKG were normal (Tr. 286, 288, 893, 1085). Cardiac catheterization revealed two-vessel coronary artery disease with a 60% mid-left circumflex stenosis and a 50% mid-PDA branch stenosis (Tr. 286, 288, 893, 1087). Among other things, the CAMC staff diagnosed Plaintiff with morbid obesity and metabolic syndrome (Tr. 286-87, 1087). Plaintiff received medication and follow-up instructions (Tr. 286, 1087-88). The CAMC staff discharged him in stable condition (Tr. 286, 1087).

The following month, on November 13, 2012, Plaintiff informed the VAMC Huntington staff that he had sufficient energy to perform his activities of daily living (Tr. 289, 907). In March 2013, the staff at VAMC Huntington diagnosed Plaintiff with non-obstructive coronary artery disease (Tr. 289, 850). Plaintiff was to return to the cardiology clinic in one year (Tr. 289, 851). He was encouraged to "exercise—walking or other cardio—at least 30 min a day 5 days a week" (Tr. 289, 851).

On July 3, 2013, Plaintiff presented to the VAMC emergency department with complaints of continuous low back pain and radiculopathy to the posterior thighs and knees for three to four days (Tr. 1123). Plaintiff stated he could not stand or lie down without pain (Tr. 1123). X-rays of the bilateral hips demonstrated no displaced fracture, dislocation, or significant arthritic changes (Tr. 1091); however, a CT scan of the lumbar spine indicated degenerative processes in the sacroiliac joints (Tr. 1095). An X-ray of the thoracic spine revealed extensive spurring in the lower cervical spine and proliferative spurring throughout the mid-to-lower thoracic spine (Tr. 1092). Portions of the upper thoracic spine were not well seen due to overlying soft tissue overlap (*Id.*). Additionally, a CT scan of the lumbar spine demonstrated abnormalities at multiple levels, including the following:

1. Prominent ventral spurring at the T9-10, T10-11, and T11-12 levels that efface the left posterolateral aspect of the thecal sac and are extending towards the left subarticular recess;
2. Posterolateral spurring through the left subarticular recess and inferior foramen up to 4 mm with minimal right posterolateral spurring at the T12-L1 level;
3. Mild dorsal and posterolateral disc bulging with spurring extending into the canal up to 2 mm effacing the ventral aspect of the thecal sac and extending to the subarticular recess and foramen bilaterally, left greater than right at the L1-2 and L3-4 levels, and up to 1-2 mm at the L2-3 level;
4. Prominent left posterolateral component of spurring up to 7 mm or greater at the L3-4 level;
5. An appearance of dorsal and posterolateral disc bulging with minimal spurring up to 1 mm and posterolateral spurring extending to the inferior foramen bilaterally up to 2-3 mm at the L4-5 level;
6. An appearance of dorsal disc bulging and possible protrusion centrally extending into the canal approximately 4 mm with spurring at the L5-S1 level, but the foramina appeared patent; and
7. Sclerosis and gas in the sacroiliac joints bilaterally, consistent with degenerative process. (Tr. 1093-1095).

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ committed reversible error in failing to consider and to assign weight to the disability determination issued by the Department of Veterans Affairs (VA). Claimant argues that new evidence from the Huntington VAMC submitted to the Appeals Council warrants a remand under the fourth sentence of 42 U.S.C. § 405(g). Also, Claimant asserts that the ALJ failed to find his left knee impairment to be a severe impairment (ECF No. 10). Defendant asserts that "while the ALJ did not assign explicit weight to the 2010 VA Disability Rating, the ALJ still implicitly considered it when assessing Plaintiff's RFC" (ECF No. 11). Additionally, Defendant asserts that the ALJ's omission to reference the VA's post-2010 disability ratings is harmless. Defendant argues that the evidence accepted by the Appeals Council after the ALJ's

decision does not warrant remand. Defendant asserts that "because the ALJ resolved step two in Plaintiff's favor, any determination the ALJ made at that step cannot be a basis for remand."

## Discussion

Claimant appealed the ALJ's decision and submitted medical records as evidence to the Appeals Council. The medical records included emergency department treatment notes, radiology reports, a CT scan of Claimant's lumbar spine, an X-ray of his thoracic spine, an X-ray of his right tibia and fibula, and pre-operative and consultation notes. On November 7, 2014, the Appeals Counsel admitted the medical records as Exhibits 12F, 8F and 9F (Tr. at 5). The Appeals Council denied Claimant's request for review of the ALJ's decision stating the following:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We considered whether the Administrative Law Judge's action, findings or conclusion is contrary to the weight of the evidence of record. We found this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> We also looked at Medical records from Huntington VAMC, dated July 9, 2013 through December 13, 2013 (194 pages). The Administrative Law Judge decided your case through June 24, 2013. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before June 24, 2013. (Tr. at 1-2).

Additional evidence will be considered by the Appeals Council if it is new and material and relates to the period on or before the ALJ hearing decision. See 20 C.F.R. §§ 404.970(b) and 416.1470(b). SSA has issued HALLEX 1-3-3-6 to clarify when additional evidence is new and material. According to the HALLEX, this means the evidence is:

1. Not part of the record as of the date of the ALJ decision;
2. Relevant, i.e., involves or is directly related to issues adjudicated by the ALJ; and
3. Relates to the period on or before the date of the hearing decision, meaning

>it is (a) dated before or on the date of the hearing decision, or (b) postdates the hearing decision but is reasonably related to the time period adjudicated at the hearing.

New evidence, which is first submitted to the Appeals Council, is part of the record which goes to the district court for review. This is true whether the Appeals Council reviews the case or not. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 44 Soc. Sec. Rep. Serv. 248, Unempl. Ins. Rep. (CCH) (11th Cir. 1994).

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D. W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits. 'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'").

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate. *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's

ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

When read in combination with the applicable regulation, *Wilkins v. Secretary, 953 F.2d 93 (4th Cir. 1991),* reveals that a claimant need not show good cause when submitting new evidence to the Appeals Council:

> A claimant seeking a remand on the basis of new evidence under 42 U.S.C.A. § 405(g) (West 1983) must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier. There is no requirement that a claimant show good cause when seeking to present new evidence before the Appeals Council.

*Wilkins*, 953 F.2d at 96 n.3; *see also* 20 C.F.R. § 416.1471(b) (2014). Instead, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Wilkins*, 953 F.2d at 95-96 (quoting *Williams,* 905 F.2d at 216.) Evidence is new "if it is not duplicative or cumulative." *Id.* at 96 (citing *Williams*, 905 F.2d at 216). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

If new and material evidence is submitted after the ALJ's decision, the Appeals Council will consider the additional evidence if it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. *See* 20 C.F.R § 404.970(b). When the Appeals Council

10

incorporates new and material evidence into the administrative record but denies review of the ALJ's findings and conclusions, the issue before this Court is whether the Commissioner's decision is supported by substantial evidence in light of "the record as a whole including any new evidence that the Appeals Council specifically incorporated into the administrative record." *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (remanding for rehearing pursuant to sentence four of 42 U.S.C. § 405(g)) (quoting *Wilkins*, 953 F.2d at 96). If the ALJ's decision is not supported by substantial evidence, then a sentence four remand is appropriate.

The ALJ's decision was issued on June 24, 2013. The medical records entered into the record by the Appeals Council included a CT scan of the lumbar spine performed on July 4, 2013, and an X-ray of the thoracic spine performed on July 5, 2013. In arriving at her RFC, the ALJ relied upon an X-ray from December 2011, and an MRI from February 2012. The new medical records included pre-operative and consultative notes leading up to Claimant's bariatric surgery, most of which were dated prior to the ALJ's decision.[2] Thus, even if Defendant were to prevail on the argument that the CT scan and X-ray submitted as part of the new evidence related to a different timeframe than the present claim, that does not render the remaining portion of the 412 page new evidence exhibit untimely. Furthermore, The ALJ assigned "substantial weight" to the opinions of State agency medical consultants "based on the consultants' program knowledge and that they support their opinions with explanation" (Tr. at 290). The newly-submitted medical

---

[2] The Appeals Council accepted the submission of new and material evidence from the Huntington VAMC dated between February 2, 2012 and July 5, 2013. This evidence was added to the record as Exhibit 9F and included emergency department treatment notes and radiology reports for Plaintiff's tibia and fibula as well as preoperative and consultative reports in anticipation of Plaintiff's bariatric surgery, which was scheduled for July 2013 (Tr. 1134-1545). Among these records was an X-ray of the right tibia and fibula, which revealed a posterior calcaneal spur and minimal spurring of the distal tibia anteriorly (Tr. 1141). Additionally, spurring in the lateral and medial malleoli and lateral talus was observed (*Id.*)

records are from a treating physician. Therefore, the ALJ's decision is not supported by substantial evidence as he has not reviewed the record as a whole.

### Considering the VA's Disability Determination

The Social Security regulations provide that "evidence" includes "[d]ecisions by any governmental or nongovernmental agency about whether you are disabled or blind." 20 C.F.R. § 404.1512(b)(5) (2014). The decision of another agency is not binding on the SSA, 20 C.F.R. § 404.1504, but the SSA is required to evaluate all the evidence, including decisions by other agencies. Moreover, Social Security Ruling 06-03p states that "evidence of a disability decision by another governmental . . . agency cannot be ignored and must be considered." The Ruling provides that "the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases . . .."

The Fourth Circuit has held that "the disability determination of a state administrative agency is entitled to consideration in a SSA disability proceeding…. [A]lthough the SSA will accept another agency's disability determination as evidence of a claimant's condition that agency's decision is not binding on the SSA." *Bird v. Commissioner of Social Sec. Admin*., 699 F.3d 337, 343 (4th Cir. 2012).

In *Bird*, the Fourth Circuit discussed the role that disability decisions by governmental agencies play in the SSA's disability determination process. Pointing to circuit precedent and social security directives, the Court stated the general rule is that while these decisions are not binding on the SSA, they "cannot be ignored and must be considered" when determining a claimant's eligibility for social security disability benefits. *Halstead v. Colvin, 2015 U.S. Dist.*

*LEXIS 15281 (S.D. W.Va., January 8, 2015)* (citing *DeLoatche v. Heckler*, 715 F.2d 148, 150 n. 1 (4th Cir. 1983) and SSR 06-03p, 2006 SSR LEXIS 5, 2006 WL 2329939, at *6 (Aug. 9, 2006)).[3]

The claimant in *Bird* had been awarded disability benefits through the VA, but was found not disabled by an ALJ under the Social Security Act. The district court affirmed the Commissioner's decision. On appeal, the claimant argued, in relevant part, that the ALJ had failed to afford adequate weight to the VA's disability determination. In considering the argument, the Fourth Circuit acknowledged that it had not previously addressed the precise weight that the SSA should give to disability ratings by the VA and noted that sister circuits had found varying degrees of deference to be appropriate. The Court reasoned that "both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." *Id.* In addition, "[b]oth programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." *Id.* (citing *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). Consequently, the Court concluded that "because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two

---

[3] SSR 06-03p, 2006 SSR LEXIS 5 provides inter alia:

> Under sections 221 and 1633 of the Social Act, only a State agency or the Commissioner can make a determination based on Social Security law that you are blind or disabled. Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p, 1996 SSR LEXIS 2 "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner"). However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

agencies is highly relevant to the disability determination of the other agency." *Id.* Thus, the Court held:

> [I]n making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

In *Wyche v. Colvin*, 2014 U.S. Dist. LEXIS 62589 (E.D. Va., March 25, 2014), the court found that the opinion in *Bird* created a new standard. The court held that a presumption of substantial weight given to the VA's determination under the new *Bird* standard now requires the ALJ to "explain" why he departed from "substantial weight." *Wyche* citing *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010)(ALJ departing from substantial weight must give "specific, valid reasons for doing so that are supported by the record."). In the present matter, the ALJ failed to provide specific detail for declining to accord the VA's rating substantial weight. Therefore, this Court recommends that the presiding District Judge remand this matter for further consideration.

Conclusion

The undersigned proposes that the United States District Court remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings to consider the record as a whole.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 10), **DENY** the Commissioner's Brief in Support of the Defendant's Decision (ECF No. 11), **REVERSE** the final decision of the Commissioner and **REMAND** this case for further

proceedings pursuant to sentence four of 42 § U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter: February 1, 2016

Dwane L. Tinsley
United States Magistrate Judge